# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EBET, Inc.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Aspire Global International Limited, a Malta Corporation; AG Communications Limited, a Malta Corporation; Aspire Global 7 Limited, a Malta Corporation; Aspire Global PLC, a Malta Corporation, et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-01830-GMN-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

　　　　This is a breach of contract and fraud action arising out of the parties' agreement for Plaintiff EBET, Inc. to purchase online gaming business-to-consumer assets from Defendants Aspire Global International Limited; AG Communications Limited; Aspire Global 7 Limited; and Aspire Global PLC (the "Aspire Defendants"). Plaintiff moves to amend its complaint to add the parent companies of the Aspire Defendants—Neogames S.A.; Neogames Connect S.A.R.L.; and Neogames Connect Limited—to add factual allegations, and to add causes of action. (ECF No. 50). Defendants oppose, arguing that the amendment would be futile because Plaintiff's claims are subject to arbitration. (ECF No. 55). Because the Court finds that Defendants' futility arguments are better made in a motion to dismiss, it grants Plaintiff's motion to amend and recommends denying Defendants' pending motion to dismiss Plaintiff's original complaint as moot (ECF No. 22).

**I.　　Discussion.**

　　　　Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Defendants' only arguments against Plaintiff's amendment concern futility. However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim.

Defendants' arguments about arbitrability are thus better developed through a motion to dismiss and the Court grants Plaintiff's motion to amend. Because the Court grants Plaintiff's motion to amend, it recommends denying Defendants' pending motion to dismiss Plaintiff's original complaint as moot.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 50) is **granted.** Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss (ECF No. 22) be **denied as moot.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 8, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE